Lettie R. **GIBSON**

v.

**FAMILY FINANCE CORPORATION of GENTILLY, INC., and Blazer Financial Services, Inc.**

**Civ. A. No. 74-1740.**

United States District Court, E. D. Louisiana.

Sept. 5, 1975.

©═6.8

©═6.8

---

Keith A. Rodriguez, New Orleans, La., for plaintiff.

Howard W. Lenfant, and Plauche F. Villere, Jr., New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

This action was brought by plaintiff to recover statutory damages, attorney's fees and costs for defendant's alleged violation of the Truth-in-Lending provisions of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. and the regulations adopted pursuant thereto, published at 12 C.F.R. § 226.1 et seq., commonly referred to as "Regulation Z." Defendant Blazer Financial Services, Inc.[1] has counterclaimed for the amount allegedly due on the note in question. The case is now before the court on cross-motions for summary judgment.

The material facts are not in dispute. On June 22, 1973, Melvin Fisher and plaintiff Gibson executed a promissory note and a chattel mortgage in favor of defendant in return for a direct loan to Melvin Fisher. Plaintiff was given a copy of the combination note-disclosure

---

1. Family Finance Corporation of Gentilly, Inc. was dismissed by order of the court on September 19, 1974.

statement and the chattel mortgage, which was on a separate sheet of paper. The note-disclosure statement states in the top right-hand corner that "this note is secured by a chattel mortgage of even date, a copy of which has been furnished to the customer." No other mention of a security interest is found in the disclosure statement. The chattel mortgage described with particularity the property subject to the security interest. The amount financed was $643.55 to be repaid in twenty-four equal monthly installments of $38.00. The disclosure statement clearly states the total amount of the finance charge, $268.45, and the annual percentage rate of 36%. The specific items which comprised the finance charge were not disclosed. However, the finance charge was comprised entirely of interest at the 36% rate. The amount outstanding on the note was $695.79 as of the filing of the counterclaim.

TRUTH–IN–LENDING:

In her motion for summary judgment plaintiff contends that defendant violated the. Act and Regulation Z by: (1) failing properly to disclose a security interest retained in the property of the debtor as required by 12 C.F.R. § 226.-8(b)(5); and, (2) failing to describe each amount included in the finance charge as required by 12 C.F.R. § 22.-8(d)(3). The court finds no violation of either the Act or Regulation Z.

■ The purpose of the Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit." 15 U.S.C. § 1601. Due to the remedial nature of the Act, Regulation Z should be liberally construed to effectuate the purpose of the legislation. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). Meaningful disclosure is demanded by the Act and Regulation Z was promulgated to ensure such disclosure.

■ Plaintiff alleges a violation of § 226.8(b)(5) in the manner in which the property, in which a security interest was retained, was identified. Section 226.8(b)(5) requires that the note or disclosure statement contain:

A description or identification of the type of any security interest held . . . and a clear identification of the property to which the security interest relates . . . . In any such case where a clear identification of such property cannot be properly made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statement shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy shall be furnished to the customer by the creditor as promptly as practicable.

The disclosure statement did describe the type of security interest and the accompanying chattel mortgage did identify the property to which the security interest relates. Plaintiff contends that defendant could have identified the property by using a term such as "household goods" on the disclosure statement. Instead, defendant chose to list, on the chattel mortgage, each item of personal property in which an interest was retained. Although, it would have been proper and sufficient for defendant to limit its identification of the property to the disclosure statement using the term "household goods." *See, Slatter v. Aetna Finance Company*, 377 F.Supp. 806 (N.D.Ga.1974). Defendant should not be penalized for going beyond the bare requirement and presenting plaintiff with a more particularized identification and description on the chattel mortgage. The goal is meaningful disclosure and defendant identified precisely that property in which it retained a security interest. Therefore, the court finds that the identification of

the property to which the security interest relates satisfies § 226.8(b)(5).

■■ Plaintiff's other contention is that defendant has failed to describe each amount included in the finance charge as required by § 226.8(d)(3). In determining whether Regulation Z requires the disclosure of each amount included in the finance charge where there is only one component of the finance charge, as in the instant matter, the court should accord great weight to Opinion Letters of the Federal Reserve Board. *Philbeck v. Timmers Chevrolet, Inc.*, 499 F.2d 971 (5th Cir. 1974). Discussing an analogous situation where the only component of the finance charge was an add-on charge, an Opinion Letter of the Federal Reserve Board states in pertinent part as follows:

> This is [on] the meaning of the requirement in § 226.8(d)(3) that the creditor show the "total amount of the finance charge, with a description of each amount included, using the term 'finance charge'." . . .
>
> . . . [I]t would be proper to simply disclose the dollar figure labeled as the finance charge. The requirement of disclosure of 'each amount included' is applicable only where the total amount of the finance charge includes more than one component. As you indicate, it would be preferable for the creditor not to obscure the clear impact of the disclosure of the 'finance charge' by adding additional verbiage with regard to the fact that it is an 'add-on'."

Excerpts from F.R.B. Letter of April 25, 1973, No. 682 by Griffith L. Garwood, Advisor, 4 CCH Consumer Credit Guide, ¶ 30,972. The court is of the opinion that the Federal Reserve Board has made the correct and equitable interpretation of § 226.8(d)(3). Plaintiff urges the court to adopt the reasoning of *Johnson v. Associates Finance, Inc.*, 369 F.Supp. 1121 (S.D.Ill.1974), where the court held that the failure to disclose that interest was the only component of the finance charge was a violation of

Regulation Z. In view of the F.R.B. position and its own analysis, the court must decline to accept the *Johnson* rationale. At least one other United States District Court has concurred in this court's interpretation of § 226.-8(d)(3). *Adams v. New Haven U. I. Federal Credit Union*, (D.Conn. No. 15,632, March 15, 1975), 4 CCH Consumer Credit Guide ¶ 98,619. Therefore, the court holds that defendant was not required to describe each amount included where the finance charge was comprised solely of interest.

COUNTERCLAIM:

■ Defendant's counterclaim is a compulsory counterclaim arising out of the same transaction or occurrence as plaintiff's claim. Rule 13(a) F.R.Civ.P. In its counterclaim, defendant has asked for the amount due on the note plus interest and attorney's fees. From the uncontroverted affidavit and exhibits of the defendant, the amount due and owing on the note as of the date of judicial demand is $695.79. Defendant also prays for interest from the date of judicial demand at the annual percentage rate of 36% on the above amount, together with attorney's fees on the unpaid principal and accrued interest, as provided for in the note. Plaintiff has asserted no affirmative defenses to this counterclaim, and has not presented any affidavits in her behalf.

Accordingly, the court finds that defendant shall recover from plaintiff on its counterclaim in the amount of $695.-79, together with interest at the rate of 36% per annum from the date of judicial demand, and attorney's fees in the amount of $173.85, representing 25% of the $695.79 "unpaid debt after default." La.R.S. 9:3530 (1974).

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment on the complaint and counterclaim is granted. Each party is to bear his own costs.

Judgment shall be entered accordingly.