333 So.2d 738 (1976)
TERMPLAN MID-CITY, INC.
v.
Henry F. LAUGHLIN, Sr.
No. 7475.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
*739 Wilson F. Shoughrue, Jr., New Orleans, for plaintiff-appellee.
James W. Blackman, New Orleans, for defendant-appellant.
Before STOULIG, SCHOTT and BEER, JJ.
BEER, Judge.
Defendant-appellant, Laughlin, defaulted on a promissory note in favor of plaintiff-appellee, Termplan. Suit for the balance due on the note (which contained an acceleration clause) was instituted by Termplan. Laughlin answered, praying for double the amount of the finance charge as a set-off and cited, in support, the Consumer Credit Protection Act, 15 U.S.C.A. § 1601, et seq., and the regulations adopted thereto, published at 12 CFR 226.1 et seq., commonly referred to as "Regulation Z." The Second City Court rendered judgment in Termplan's favor and rejected all contentions of Laughlin, who now appeals.
Laughlin, through counsel, admits nonpayment of the note. Furthermore, his claim for double the amount of the finance charge would have prescribed under Section 1640(e),[1] but he contends that LSA-C.C.P. Article 424[2] provides entitlement to plead the set-off allowed by Section 1640(a)(2)(A). Having thus dealt with the issue of prescription, Laughlin contends that Termplan's disclosure statement did not fully explain the finance charge and, thus, violated 12 CFR 226.8(d)(3). Further, he contends that Termplan failed to disclose the existence of the acceleration clause contained in the note in contravention of 15 U.S.C.A. § 1639(a)(7) and 12 CFR 226.8(b)(4).

PRESCRIPTION
The Consumer Credit Protection Act arms the consumer with the right to sue the creditor for damages occasioned by the creditor's failure to properly make those disclosures required by the Act. Had Laughlin timely initiated suit against Termplan, alleging deficiencies of its disclosure statement, he would be entitled to his day in court. However, action was not commenced within the one-year period provided for in Section 1640(e). Notwithstanding, LSA-C.C.P. Article 424 permits utilization of a prescribed right as a defensive contention. "Quae temporalia sunt ad *740 agendum perpetua sunt ad excipiendum," i.e. things which are temporary for the purposes of attack are permanent for the purposes of defense. See, also, Young v. Fremin-Smith, 265 So.2d 341 (La.App.4th Cir., 1972).
Thus, while Laughlin is time barred from initiating proceedings as allowed by Section 1640(e), he is, nonetheless, entitled to assert the alleged violations of the Act as a defense or partial defense. We hold that Laughlin is procedurally entitled to seek the set-off.[3]

THE FINANCE CHARGE
Laughlin's first contention is that the loan Disclosure Statement prepared in connection with the subject note is inadequate because it fails to disclose a "description of each amount included" in the finance charge as required by Section 226.8(d)(3) of Regulation Z which provides in relevant part:
"(d) ... In the case of a loan or extension of credit ... the following items, as applicable, shall be disclosed:
"(d) ... (3) ... the total amount of the finance charge, with description of each amount included, using the term `finance charge.'"
In determining whether Regulation Z requires disclosure of each amount included in the finance charge where there is only one component, as in the instant matter, we look to the opinion letters of the Federal Reserve Board. Philbeck v. Timmers Chevrolet, Inc., 499 F.2d 971 (U.S.Ct.App., 5th Cir., 1974). On a point analogous to that here under consideration, the Federal Reserve Board addressed the issue of disclosure when the only element of the finance charge was an add-on charge. They concluded that:
"This is (on) the meaning of the requirement of Section 226.8(d)(3) that the creditor show the `total amount of the finance charge, with a description of each amount included, using the term "finance charge."...
"... (I)t would be proper to simply disclose the dollar figure labeled as the finance charge. The requirement of disclosure of `each amount' included is applicable only where the total amount of the finance charge includes more than one component. As you indicate, it would be preferable for the creditor not to obscure the clear impact of the disclosure of the `finance charge' by adding additional verbiage with regard to the fact that it is an `add-on.'" Excerpt from Federal Reserve Board letter of April 25, 1973, no. 682, by Griffith L. Garwood, Advisor, 4 CCH Consumer Credit Guide, paragraph 30, 972.
In Gibson v. Family Finance Corp. of Gentilly, Inc., 404 F.Supp. 896 (E.D.La., 1975), the court, citing the above quoted excerpt, ruled that failure to disclose that the finance charge included only interest was not a violation of the lender's duty. The Federal Reserve Board has since reiterated its original position as of November 21, 1975, when it determined that:
"A description of the amounts included in the finance charge is necessary only when the total charge includes more than one element. Therefore, where only a single type of charge comprises the finance charge, disclosure of the total dollar amount of such charge, using the term `finance charge,' complies with the requirements of Sections 226.8(c)8(i) and 226.8(d)3, and there is no further *741 requirement under those sections that the single type of charge be otherwise identified or described." 1 CCH Consumer Credit Guide, 91 3567.05 (1975).

THE ACCELERATION CLAUSE
In Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d 257 (U.S.Ct.App., 3rd Cir., 1975), the court was "called upon to determine whether the Truth in Lending Act and Regulation Z thereunder require a creditor to disclose an acceleration clause where state law provides that the creditor must rebate the unearned [interest] portion of the finance charge." The acceleration clause therein was similar to that presently before this court. In reversing the trial court's decision, the court ruled that 15 U.S.C.A. § 1638(a)(9) [identical to 15 U.S.C.A. § 1639(a)(7)] and 12 CFR 226.8(b) (4) did not require disclosure of the acceleration clause. It held, in part:
"No provision of either of the sections specifically requires the disclosure of a creditor's right to accelerate payment upon default."
In so finding, the court observed its conclusion was "buttressed" by a Federal Reserve Board staff opinion letter interpreting 12 CFR 226.8(b) (4). See 4 CCH Consumer Credit Guide, paragraph 31, 173 (October 22, 1974).
The letter provides, in part:
"If, under the acceleration provision, a rebate is made by the creditor in accordance with the disclosure of the rebate provisions of Section 226.8(b) 7 we believe that there is no additional `charge' for late payments made by the customer and therefore no need to disclose under the provisions of Section 226.8(b)4. On the other hand, if upon acceleration of the unpaid remainder of the total of payments, the creditor does not rebate unearned finance charges in accordance with the rebate provisions disclosed in Section 226.8(b) 7, any amounts retained beyond those which would have been rebated under the disclosed rebate provisions represent a `charge' which should be disclosed under Section 226.8(b)4."
The contract in this case specifically incorporates Louisiana consumer credit law. See LSA-R.S. 9:3510, et seq. Section 3529 thereof provides for rebate of unearned interest on payment of the debt upon acceleration. This provision brings the matter at bar within the circumstances contemplated by the Federal Reserve Board ruling.

CONCLUSION
We are in accord with the expressions the Federal Reserve Board and the views expressed in Philbeck,[4] supra.
Accordingly, the judment of the Second City Court for the Parish of Orleans is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] 15 U.S.C.A. § 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." The note and the acknowledgment of the disclosure statement are dated December 29, 1973. The answer to the suit on the note was filed January 28, 1975.
[2] LSA-C.C.P. Article 424 provides: "A person who has a right to enforce an obligation also has a right to use his cause of action as a defense. A prescribed obligation may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff."
[3] Laughlin's procedural entitlement to seek the set-off under LSA-C.C.P. 424 is not, however, any extension or expansion, on our part, of the Consumer Credit Protection Act, and, if the Act itself (15 U.S.C. § 1640(h)) is determined by Federal Courts to proscribe such a proceeding, this court does not intend, by the above noted observation, to breathe new life into such a claim. In the final analysis, we defer to our brothers of the Federal Courts to make that ultimate determination.
[4] The state of the law is unsettled and, at times, confusing. For example, when deciding Gibson v. Family Finance Corp. of Gentilly, Inc., supra, in September of 1975, U.S. District Judge Christenberry declined to follow the rationale of Johnson v. Associates Finance., Inc., 369 F.Supp. 1121 (S.D.III., 1974), which held that the failure to disclose that interest was the only component of the finance charge was a violation of Regulation Z. Yet, in Meyers v. Clearview Dodge Sales, Inc., 384 F.Supp. 722 (E.D.La., 1974), decided on October 31, 1974, U.S. District Judge Heebe cited Johnson, supra, with approval in connection with the applicability of Regulation Z in a related issue of disclosure involving a single component finance charge. It is also noteworthy that in Ives v. W. T. Grant Company, 522 F.2d 749 (U.S.Ct. of App., 2nd Cir., 1975), decided on July 31, 1975, the court, citing Johnson, supra, and Meyers, supra, stated:

"Thus, defendant violated the Truth-in-Lending law by failing to identify the single element finance charge as only a time-price differential."
The law interpreting the acceleration clause is equally confusing. Johnson v. McCrackin-Sturman Ford, Inc., supra, reversed a state district court decision which had adjudicated a result similar to that reached by Judge Heebe in Meyers v. Clearview Dodge Sales, Inc., supra.