339 So.2d 952 (1976)
RELIABLE CREDIT SERVICE, INC.
v.
Anthony C. BERNARD and Mrs. Rosemary L. Bernard.
No. 7695.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
Rehearing Denied December 14, 1976.
Writs Refused February 11, 1977.
Louis G. Dutel, Jr., William J. Dutel, New Orleans, for plaintiff-appellee.
*953 Michael H. Piper, III, New Orleans, for defendants-appellants.
Before SAMUEL, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
Plaintiff, Reliable Credit Service, Inc., obtained a judgment of $497.48 plus interest and attorney fees in a suit on a promissory note. Defendants, Anthonly C. and Rosemary L. Bernard, have appealed to reurge their affirmative defense of setoff. They claim plaintiff is subject to a $960.76 penalty authorized by 15 U.S.C. § 1640(a)(1)[1] for violating two provisions of the disclosure section of the Truth in Lending Act generally referred to as Regulation Z, namely 12 CFR § 226.8(b)(5) and § 226.4(a).[2] In this court appellee filed exceptions of prescription and lack of jurisdiction in bar of the setoff plea.
The peremptory exception of prescription is based on 15 U.S.C. § 1640(e),[3] which sets a time limit of one year for filing an action for penalties from the date of the occurrence. It is not disputed that May 3,1974 is the date of the occurrence in this case or that plaintiff's suit on the note and the subsequent assertion of the disputed affirmative defense were filed more than a year after the occurrence. See Stevens v. Rock Springs National Bank, 10 Cir., 497 F.2d 307 (1974), and Kristiansen v. John Mullins & Sons, Inc., 59 F.R.D. 99 (E.D.N.Y.) (1973). Appellants nonetheless maintain that while the penalty claim is lost to them as an affirmative action it nonetheless remains a viable defense under C.C.P. art. 424, viz:
"A person who has a right to enforce an obligation also has a right to use his cause of action as a defense. A prescribed obligation may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff."
In Termplan Mid-City, Inc. v. Laughlin, 333 So.2d 738 (La.App.4th Cir. 1976), we held that a time-barred penalty claim under *954 15 U.S.C. § 1640 could be the basis of a valid affirmative defense of setoff. This same result was reached by an Illinois appellate court in Wood Acceptance Co. v. King, 18 Ill.App.3d 149, 309 N.E.2d 403 (1974).
In Hodges v. Community Loan & Investment Corp., 133 Ga.App. 336, 210 S.E.2d 826 (1974), a Georgia court reached an opposite result but its views are not inconsistent with Termplan or Wood. That court disallowed a plea of setoff based on a penalty claim under Truth in Lending solely because Georgia law recognizes a claim in setoff only if it grows out of the mutual covenants of the contract and is not an "extrinsic by-product" of the transaction. Nowhere does the court suggest the federal time limitation is the factor barring the setoff defense.
Unlike the Georgia statute, C.C.P. art. 424 permits use of any prescribed obligation "* * * incidental to, or connected with, the obligation sought to be enforced * * *." Appellee contends 15 U.S.C. § 1640(h), as amended in 1974, is controlling federal legislation that preempts the use of C.C.P. art. 424 to defend this type of action. We disagree. The section provides: "A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which' such person was a party." 15 U.S.C. § 1640(h).
We interpret this to mean that the lender's claim may be offset by Truth in Lending penalties only if the potential liability of the lender has been liquidated by judgment rendered after the lender as a party to the lawsuit had an opportunity to be heard and defend against the claim. We further hold state courts have concurrent jurisdiction to hear claims under 15 U.S.C. § 1640 and meet the court of competent jurisdiction requirement of Section (h). See Lewis v. Delta Loans, Inc., 300 So.2d 142 (Miss.1974).
Appellee would have us apply the holding of a federal district court in Missouri to support its contention that we lack jurisdiction to entertain the claim of setoff. Fenton v. Citizens Savings Association, 400 F.Supp. 874 (W.D.Mo.1975), simply holds that 15 U.S.C. § 1640(e) confers jurisdiction on federal district courts to adjudicate a complaint by a consumer for Truth in Lending violations if the action is initiated within one year. If the complainant permits the year to go by without acting, the time for filing suit has passed and the court, whose jurisdiction was conferred by the act, no longer has any jurisdictional basis for hearing the suit. Had the Fenton court approached this decision from a laches standpoint, it would have reached the same result. The emphasis in Fenton's limitation is on initiating the action.
There is nothing in Fenton to suggest a C.C.P. art. 424 defensepermitting the defendant to use as a shield what he can no longer use as a swordis precluded because the state does not have jurisdiction to entertain it. The federal court is simply passing on its own lack of jurisdiction.
Accordingly we overrule the exceptions of prescription and lack of jurisdiction.
Turning to the merits, we hold the creditor failed to describe the stereo component set on the disclosure statement on which it had taken a chattel mortgage contrary to 12 CFR § 2268(b)(5). Not only does appellants' copy of the disclosure statement fail to note the property mortgaged, but also it appears when it is compared with the original document produced by the vendor that plaintiff's original and defendants' copy were typed at different times. The original has small boxes to the left of two paragraphs "x"ed, while the purported copy does not. The original states "1 stereo component set" is mortgaged; the alleged carbon copy contains no such notation. The carbon copy carries a schedule of 24 monthly payments that does not appear on the *955 original. Appellee's explanation for the variations lacks credence.
We conclude plaintiff violated one part of Regulation Z in failing to describe the property subject to the chattel mortgage. We need not consider the other alleged violation because the penalty is the same whether there is one or many infractions growing out of one transaction. 15 U.S.C. § 1640(g). In this case the finance charge was $240.19 and each defendant is entitled to a penalty of double that amount, or $480.38. The total credit to both defendants is $960.76.
For the reasons assigned, the peremptory and declinatory exceptions filed in this court are overruled and the judgment appealed from is amended to allow each defendant a credit of $480.38 against the amount for which they are liable to plaintiff, which said credit is allowable as of December 30, 1975, the date of rendition of the judgment appealed from. As thus amended, the judgment appealed from is affirmed. Appellee is to pay the costs of this appeal.
EXCEPTIONS OVERRULED; JUDGMENT AMENDED AND AFFIRMED.
NOTES
[1] "Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000 * * *." 15 U.S.C. § 1640(a)(1).
[2] "A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statement shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable. If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." 12 CFR § 226.8(b)(5).

"General rule. Except as otherwise provided in this section, the amount of the finance charge in connection with any transaction shall be determined as the sum of all charges, payable directly or indirectly by the customer, and imposed directly or indirectly by the creditor as an incident to or as a condition of the extension of credit, whether paid or payable by the customer, the seller, or any other person on behalf of the customer to the creditor or to a third party, including any of the following types of charges:
(1) Interest, time price differential, and any amount payable under a discount or other system of additional charges.
(2) Service, transaction, activity, or carrying charge.
(3) Loan fee, points, finder's fee, or similar charge.
(4) Fee for an appraisal, investigation, or credit report." 12 CFR § 226.4(a).
[3] "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).