LEMMON, Judge.
In this suit on a promissory note Mrs. Loretta Breaux has appealed from a judgment maintaining an exception of prescription and also dismissing on the merits her reconventional demand for damages under the Truth in Lending Act, 15 U.S.C. § 1601 et seq.[1]
*956 On appeal Mrs. Breaux contends that (1) although the reconventional demand was filed more than one year after the occurrence of the violation, she may assert the prescribed cause of action as a defense to the main demand, and (2) the proof was insufficient to support the trial court’s finding that plaintiff’s violation of the act was unintentional. Since we affirm the finding that the violation was unintentional, we do not reach the prescription issue.[2]
Mrs. Breaux alleged several violations of the act, but the evidence presented at trial was principally intended to show an incorrect annual percentage /ate of interest.[3] 12 C.F.R. § 226.5(b)(1) requires that the annual percentage rate be determined “(i)n accordance with the actuarial method of computation so that it may be disclosed with an accuracy at least to the nearest quarter of 1 percent”.
The note shows the actual amount of loan as $694.34, the number of monthly payments as 24, and the amount of each monthly payment as $42.00. In addition to that information the disclosure statement showed the annual percentage rate as 36.00%, the finance charge as $296.70, and the total of payments as $1,008.00. The disclosure statement also showed this was an interest bearing loan, rather than a precomputed loan, and explained the finance charge as follows:
“If interest on this loan is not precomputed, the FINANCE CHARGE is computed on outstanding unpaid principal balances on the basis that installments shall have been paid according to contract. Delinquency will increase the FINANCE CHARGE as the contract rate is computed on actual unpaid balances of amount financed for the actual time outstanding.”
While conceding an error on the disclosure statement, plaintiff defended the re-conventional demand on the basis of 15 U.S.C. § 1640(c), which provides:
“(c) A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.”
Plaintiff acknowledges that 24 timely monthly payments of $42.00 each on an interest bearing note of $694.36 would involve an annual percentage rate of greater than 86.75%. However, plaintiff points out that the monthly payments on that amount at 36% should have been $41.00 (and the finance charge $289.64 and total payments, $984.00), and plaintiff attributes the incorrect figures on the disclosure statement to a good faith clerical error.
In this respect plaintiff’s president explained that the company’s employees, in closing a loan, determine the monthly payments, finance charge and total payments by reference to the Louisiana Payment and Reference Tables published by the American Heritage Life Insurance Company. He produced a copy of the payment chart and further explained that the then loan manager, who was no longer employed by the company, apparently skipped down one line *957 on the chart in copying the figures onto the disclosure statement.[4]
In Ratner v. Chemical Bank N. Y. Trust Co., 329 F.Supp. 270 (S.D.N.Y.1971) the court traced the legislative history of the good faith defense, noting that the exception was adopted in response to contentions that mathematical and clerical errors would be inevitable in view of the complexity of annual rate calculations. The court further observed that “(a) defendant invoking this exception is required not merely to show the clerical error was unintentional, but also that due care has been taken to set up procedures to avoid” clerical errors.[5]
In the present case we believe that plaintiff maintained a procedure reasonably adapted to avoid clerical and mathematical errors. The amount financed (which was the exact net proceeds of the loan) is shown on the chart, and the employee handling the loan is instructed to obtain the other information for 36% loans from the line on the chart. This procedure eliminates mathematical calculations and is reasonably designed to avoid clerical error (although clerical error in human beings cannot be 100% eliminated).
As to the issue of unintentional error, the trial court found in its reasons for judgment that the error in the payment schedule was one “involving an honest mistake”, noting particularly that the interest deducted from each of Mrs. Breaux’s two payments was calculated at exactly 36%.[6]
*958 While the employee who handled the transaction did not testify (hearsay testimony showed that he did not recall the particular transaction), plaintiff’s president testified that all employees are instructed to copy the correct information from the charts. The circumstances suggest it is more probable that this was clerical error, and there was no suggestion in the record that this creditor utilized planned clerical errors as a method of collecting small additional amounts in excess of the stated percentage rate.
The determination of whether a violation “was not intentional and resulted from a bona fide error” is one of fact, to be decided on the proof presented in each individual case. The fact that the error favored the creditor is certainly not determinative, nor is the fact that the error involved a relatively small amount of money. All of the facts and circumstances of the case must be considered, and a reviewing court should accord great weight to the factual findings of the trial court.
After reviewing the record, we conclude the evidence and circumstances in this case support a finding that the violation was not intentional and resulted from a good faith clerical error.
The judgment is affirmed.

AFFIRMED

REDMANN, J., dissents and assigns reasons.

. The judgment merely dismissed the reconven-tional demand. The reasons for judgment indicated the dismissal was based both on the exception of prescription and the failure to prove violation of the federal act.

. C.C.P. art. 424 may be utilized to assert a prescribed claim for damages under the Truth in Lending Act as a defense to suit to enforce an obligation which arose from the same transaction or occurrence that gave rise to the claim for damages. Termplan Mid-City, Inc. v. Laughlin, 333 So.2d 738 (La.App. 4th Cir. 1976); Reliable Credit Service, Inc. v. Bernard, 339 So.2d 952 (La.App. 4th Cir. 1976), cert. den. 341 So.2d 1129 (with the statement: “No error of law”). This court interpreted broadly the “incidental to, or connected with” requirement of C.C.P. art. 424 as to the prescribed obligation.
Plaintiffs contention in this case that the one-year period in 15 U.S.C. § 1640(e) is one of peremption rather than prescription was not discussed in the previous opinions.

. Apparently, the original trial was held on exhibits and briefs, and a new trial was granted upon Mrs. Breaux’s timely application. The testimony from the new trial is the only testimony in the record, along with some exhibits from the original trial.

.The following is a copy of the pertinent portion of the payment chart, with the line showing the correct figures underscored:
PAYMENT CHART 24 MONTHLY PAYMENTS

. See also Palmer v. Wilson, 502 F.2d 860 (9th Cir. 1974), involving omissions and misstatements which were part of the creditor’s usual credit practice; Powers v. Sims and Levin Realtors, 396 F.Supp. 12 (E.D.Va.1975), which involved legal errors arising from defendant’s failure to comply conscientiously with the disclosure requirements; and Doggett v. Ritter Finance Co. of Louisa, 384 F.Supp. 150 (W.D. Va.1974), involving misinterpretations of the disclosure requirements. Thus, each of these cases involved violations which were not of a clerical or mathematical nature.

. The implication of this observation is that plaintiff prepared the disclosure statement for the sole purpose of fulfilling federal requirements, and the higher figures inadvertently *958 used in three places on the statement were of no financial benefit to plaintiff unless the interest charged on payments received from the debtor exceeded the stated annual percentage rate.