HOUSEHOLD FINANCE CORPORA-
TION, a Delaware Corporation,
Plaintiff,

v.

George HOBBS and Joanne
Hobbs, Defendants.

Superior Court of Delaware,
New Castle County.

Submitted April 7, 1978.

Decided April 20, 1978.

Elwyn Evans, Jr., Wilmington, for plaintiff.

Douglas A. Shachtman of Community Legal Aid Society, Inc., Wilmington, for defendants.

O'HARA, Judge.

This action was commenced on October 26, 1976 to recover a balance allegedly owed to the plaintiff, Household Finance Corporation ("HFC"), on a promissory note executed by the defendants on May 25, 1973. Defendants filed an answer which alleged numerous violations of the Federal Consumer Credit Protection Act, also known as the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Act contains provisions requiring lenders to make certain credit disclosures to borrowers. If the lender fails to do so, the borrower may assert a claim against the lender for the damages

specified in the Act. In the present case the defendants seek a recoupment for damages based upon HFC's alleged TILA violations.

 Initially the Court would clarify the meaning of recoupment. A recoupment is defensive in character and can only be used to defeat or reduce an opposing party's recovery. It does not provide a basis for affirmative relief. In that respect it differs · from a counterclaim which may provide a recovery in excess of a plaintiff's claim. As a general proposition a recoupment must arise out of the same transaction originally sued upon. *Edgemoor Iron Co. v. Brown Hoisting Mach. Co.*, Del.Supr., 62 A. 1054 (1906). Thus, it is distinguishable from a setoff which, by definition, must arise out of a separate transaction, and a counterclaim, which may arise out of a separate transaction.

HFC has moved for a partial summary judgment relying on this Court's decision in *Signal Finance Corporation v. Wileman,* C.A. No. 237, 1975, Letter Opinion, Stiftel, P. J., December 1, 1975. *Wileman* held that the one year statute of limitations at 15 U.S.C. § 1640(e) bars a recoupment claim based upon the TILA. Despite its previous holding, the Court has determined that the *Wileman* rationale should be reexamined in light of recent case law.

There is a division of authority on the issue of whether a counterclaim, setoff, or recoupment based upon the TILA will survive the one year statute of limitations. The decisions allowing survival are based upon state statutes or common law rules which permit extension of certain claims beyond the usual limitations period. *St. Mary's Hospital v. Torres,* Conn.Com.Pl., 370 A.2d 620 (1976); *Wood Acceptance Co. v. King,* 18 Ill.App. 3d 149, 309 N.E.2d 403 (1974); *Reliable Credit Serv., Inc. v. Bernard,* La.App., 339 So.2d 952 (1976), cert. denied, La.Supr., 341 So.2d 1129 (1977), and 342 So.2d 215 (1977); *Stephens v. Household Finance Corp.,* Okl.Supr., 566 P.2d 1163

(1977). The states which have barred a debtor's claim generally do not have laws permitting defensive actions to outlive the one year period. *Hodges v. Community Loan & Investment Corp.,* 133 Ga.App. 336, 210 S.E.2d 826 (1974), aff'd in pertinent part, 234 Ga. 427, 216 S.E.2d 274 (1975). Thus, the jurisdictions are split largely because of the application of local law.

Whether a state court interpreting a federal statute of limitations should apply state law or federal common law is a question seldom addressed in any of these opinions.[1] However, it is unnecessary to discuss the issue since the Court has concluded that both Federal and Delaware law are sufficiently broad to allow the defendant's recoupment claim.

In *Signal Finance Corporation v. Wileman,* supra, the Court reasoned that actions based upon alleged TILA violations involve a positive assertion of new rights which were nonexistent prior to passage of the federal law. The Court apparently regarded these "new rights" to be independent in nature and, therefore, could not be construed to have arisen out of the original loan transaction. Hence, they were not properly subject to recoupment. *Hodges v. Community Loan & Investment Corp.,* supra, was based upon similar reasoning. However, upon close scrutiny it does not appear that Delaware Courts have been as restrictive in the application of recoupment as *Wileman* suggests. Furthermore, neither the Delaware nor the Federal Courts have taken the narrow view of the recoupment espoused in *Hodges.*

In *Edgemoor Iron Co. v. Brown Hoisting Mach. Co.,* supra, the leading Delaware case on recoupment, our Supreme Court expressed a policy favoring the expanded application of recoupment. There it was noted that recoupment was no longer limited to case involving mutual contractual obligations, but rather could be applied to "any fraud, breach of warranty, or negligence of

---

1. *Public Loan Co., Inc. v. Hyde,* N.Y.Supr., 89 Misc.2d 226, 390 N.Y.S.2d 971 (1977) questioned the applicability of state law. But see

Comment, *Truth In Lending and the Statute of Limitations,* 21 Vill.L.Rev. 904, 914–15 (1976).

the plaintiff, growing out of and relating to the transaction in question." While the Court indicated that recoupment should not be applied where it would cause "a great inconvenience in practice", a defendant's claim nevertheless should be heard where it would be "just and practicable to adjust it in the plaintiff's action."

Federal Courts permit recoupment for all matters arising out of the same transaction as the plaintiff's claim. *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). In *Ballew v. Associates Financial Services Co. of Nebraska, Inc.,* CV 75–6–119, Unreported Memorandum Opinion, Urbom, C. J., August 18, 1976, apparently the only Federal Court opinion on point, it was held that a TILA claim arose out of the same transaction as the lender's claim. Accordingly, the Court refused to strike the borrower's recoupment claim on the basis of the statute of limitations. The *Ballew* holding is consistent with federal cases which permit a lender to assert as a compulsory counterclaim any default by a borrower on a loan, where the borrower originally brought suit for TILA violations. *Rollins v. Sears, Roebuck & Co.,* E.D.La., 71 F.R.D. 540 (1976). It is also consistent with state cases applying the transaction test. *St. Mary's Hospital v. Torres,* supra; See also *Reliable Credit Serv., Inc. v. Bernard,* supra.

■ This Court agrees with the holding in *Ballew.* It seems inescapable that credit terms are an integral part of a loan transaction. The interest charges are a part of the contract. Unless lenders were to receive a satisfactory interest rate as a part of the bargain, they would never bother to lend money to consumers.

■ This Court also agrees that recoupment claims are not barred by the statute of limitations. *Bull v. United States,* supra; Annotation, 1 A.L.R.2d 630. The aim of the TILA is to assure meaningful disclosure of credit terms. 15 U.S.C. § 1601. If recoupment claims were barred by the statute of limitations, lenders could easily avoid the *penalties* of the Act by waiting a year to sue on the borrower's default, thereby defeating the purpose of the Act.

One argument remains for consideration. Citing *Ken-Lu Enterprises, Inc. v. Neal,* 29 N.C.App. 78, 223 S.E.2d 831 (1976), cert. denied, 290 N.C. 308, 225 S.E.2d 829 (1976), cert. denied, 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 614 (1976), HFC has argued that a 1974 amendment to the TILA codified as 15 U.S.C. § 1640(h) indicates an intent by Congress to deny recoupment claims asserted beyond the one year statutory period. The holdings in *Reliable Credit Serv., Inc. v. Bernard,* supra, and *Stephens v. Household Finance Corp.,* supra, clearly indicate that the *Ken-Lu* reasoning is faulty. See also Comment, *Truth In Lending and the Statute of Limitations,* 21 Vill.L.Rev. 904, 923–25 (1976). Plaintiff's argument is unpersuasive.

For the reasons stated herein, plaintiff's motion for partial summary judgment is denied.

IT IS SO ORDERED.