Roy M. STEPHENS, Petitioner,

v.

**HOUSEHOLD FINANCE CORPORATION,**
Respondent.

No. 50508.

Supreme Court of Oklahoma.

July 12, 1977.

Legal Aid Society of Oklahoma County, James H. Hiatt and Stan L. Foster, Oklahoma City, for petitioner.

Lee Witcher, Oklahoma City, J. M. Sheehan and James E. Britton, of McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for respondent.

DOOLIN, Justice.

We granted certiorari to review an interlocutory order of the trial court sustaining plaintiff Household Finance Corporation's (Household) motion for summary judgment as to counterclaim of defendant Stephens.[1]

Household instituted the present action on January 26, 1976, against Stephens to collect on a promissory note alleged to be in default. The note was executed in Califor-

nia in July of 1973. Household asserted the note was in default as of June 1975, leaving a balance due of $831.44. Stephens entered a general denial and counterclaimed for damages for nine separate disclosure violations of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. as amended.[2] (The Act) allegedly committed in July of 1973 at execution of note.

■ Household filed a motion for summary judgment on Stephens' counterclaim, based on the allegation it was barred by 15 U.S.C. § 1640(e) which states:

Jurisdiction of courts

(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Inasmuch as the note was executed nearly three years prior to the suit being filed, Household submits Stephens' counterclaim is barred. The trial court sustained Household's motion for summary judgment and certified the order to this court. We granted certiorari to decide the limited question of the applicable statute of limitations. The question to be answered is:

When a lender, who is subject to the Act, brings a timely action on a note alleging a debtor has defaulted, is the debtor barred under the one year limitation of the Act from asserting as a counterclaim, set off or recoupment, violations of the credit disclosure provisions of the Act?

We hold that under Oklahoma law, he is not.

The promissory note was executed in California and provided "The construction, validity and effect shall be governed by the laws of California, except as modified by

---

1. Appeal was perfected under the rules of this court covering interlocutory appeals 12 O.S. 1976 Supp. Ch. 15, App. 2, Rules 1.50 et seq.

2. 15 U.S.C. § 1640(a) provides:

(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

the Federal Consumer Protection Act." The parties agree the interpretation of the contract itself is governed by California law and the disclosure violations, if any, are controlled by the Act. They do not agree what law of limitations should apply.

The choice of law to be used in barring a cause of action depends on the statutes involved. Laws of set off, counterclaim and recoupment are generally procedural and relate to the remedy and not to the right. Under Oklahoma law, 12 O.S.1971 § 273 controls. This section is explicit; a set off or counterclaim "shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred." [3]

■ As a general rule the statute of limitations of the forum state applies.[4] The problem is created here because the counterclaim arose from an alleged violation of a federal statute, applicable law in California but not in force in Oklahoma.[5]

■ Ordinarily an action in a state court involving a claim or defense arising under a federal statute requires that federal law be applied. Any statute of Congress that is constitutional is the "law of the land," therefore it governs in state courts as well as in federal.[6] But even though rights of parties are grounded upon the law of another jurisdiction, a forum may still follow its own procedural rules.

■ Where a limitation period sought to be applied is contained in the same statute that creates the rights to be enforced, it is sometimes a part of the substantive law. The court must decide whether the limitation is directed at the newly created right so specifically as to warrant saying that it qualifies the right itself and not the remedy. Merely because it is contained in the statute however, does not automatically make it work on the right.[7]

Household claims the Act specifically denies a debtor the right to use the disclosure penalties to offset or recoup an amount owed to a lender, referring us to a recent amendment to the Act, § 1640(h). This section provides:

"A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party."

At first blush and in the opinion of one court this section would preclude a debtor from using disclosure violations as a de-

---

3. 12 O.S.1971 § 273 in its entirety provides: "The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action, after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a setoff or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such setoff shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his setoff or counterclaim against the liability sought to be enforced against him. *Such setoff or coun-*

*terclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."* (Emphasis supplied).

4. *Western Natural Gas Co. v. Cities Service Gas Co.,* 507 P.2d 1236 (Okl.1972).

5. Oklahoma, because of its enactment of the Uniform Consumer Credit Code, is exempt from most requirements of the Act. See *Dalton v. City of Tulsa,* 560 P.2d 955 (Okl.1977); 15 U.S.C. § 1633 and Regulation Z 12 CFR § 226 (1970). Also see *Ives v. W. T. Grant,* 522 F.2d 749 (2nd Cir. 1975).

6. See *Public Loan Company, Inc. v. Hyde,* 89 Misc.2d 226, 390 N.Y.S.2d 971 (1977); 51 Am. Jur.2d Limitations of Actions § 75; R. Leflar, American Conflicts of Law (1968) p. 147.

7. *Bournias v. Atlantic Maritime Co.,* 220 F.2d 152 (2nd Cir. 1955); R. Leflar, American Conflicts of Law (1968) p. 305.

fense to an action on a note. In *Ken-Lu Enterprises, Inc. v. Neal*, 29 N.C.App. 78, 223 S.E.2d 831 (1976), cited by Household, the court relied on this subsection to deny affirmative relief on a counterclaim and held a debtor's action was time-barred because his claim had not been reduced to judgment prior to the lender's action on the note.

█ We believe the reasoning in *Ken-Lu* is faulty and decline to adopt its views. Reading § 1640(h) in conjunction with the balance of the Act, we are convinced this amendment was directed to a situation wherein a debtor attempts to evade payment on a note by deducting the Act's penalty from his payment without a judicial determination of the liability of the lender.

Although we agree with Household that § 1640(h) requires a judicial determination of liability, the state action serves this purpose. Liability under the Act will be determined by the judgment of the court in the action wherein the set off or counterclaim is alleged, after lender, as a party to the lawsuit, has had an opportunity to be heard, and defend against the claim.[8] The court will set off any adjudicated penalty against the debt.

We therefore hold § 1640(h) does not apply to a claim under the Act used as a defense or counterclaim in an action on a note.

If § 1640(e) of the Act had specifically provided that a counterclaim, set off or recoupment was also barred after one year, this of course would govern. But because it does not cover this situation, we must look to the above quoted § 273 of Oklahoma's statutes.

Some jurisdictions recognize a claim under the Act filed after one year may be used defensively as recoupment or set off, but do not permit such a claim to be used for affirmative relief on a counterclaim.[9] § 273 however, treats a counterclaim in the same manner as a set off, allowing both if claim of plaintiff is not barred.

In *Wood Acceptance Co. v. King*, 18 Ill. App.3d 149, 309 N.E.2d 403 (1974) a lender filed an action to recover a deficiency judgment after repossession of an automobile. Defendant answered and counterclaimed for damages under the Act. The trial court dismissed the counterclaim for failing to file within one year. The appellate court reversed relying partially on an Illinois statute similar to § 273.

The court found the time limit of § 1640(e) was not such an integral part of the statute as to become a condition of the liability itself. It held the limitation is procedural in nature and does not outweigh the combined purposes of the Act and the state law alleging such a counterclaim. "Penalty sought to be imposed on [violation of act] should not be circumvented where the debtor's [action] is not stale and is raised by way of a section 17 (similar to § 273) counterclaim arising out of the same occurrence." (Parenthetical phrase supplied). *Wood Acceptance Co. v. King*, 309 N.E.2d p. 405.

█ We hereby adopt the reasoning of *Wood*. Acceptance of Household's view that a defense or counterclaim is barred by § 1640(e) in the same manner as a separate action, would reward the unscrupulous lender by giving him a reason to delay a suit on a note for one year in order that violations of the Act could not be used against him.

Stephens' counterclaim for damages under the Act is not barred by the one year limitation of 15 U.S.C. § 1640(e).

REVERSED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS and SIMMS, JJ., concur.

---

8. *Reliable Credit Service, Inc. v. Bernard*, 339 So.2d 952 (La.App.1976).

9. See *Termplan Mid-City, Inc. v. Laughlin*, 333 So.2d 738 (La.App.1976); *Hodges v. Communi-* *ty Loan & Investment Corp. of North Georgia*, 133 Ga.App. 336, 210 S.E.2d 826 (1974) reversed on other grounds, 234 Ga. 427, 216 S.E.2d 274 (1975).