AKRON NATIONAL BANK & TRUST COMPANY, APPELLEE,
*v.* ROUNDTREE, APPELLANT

[Cite as Akron National Bank v. Roundtree (1978),
60 Ohio App. 2d 13 .]

(No. 8859—Decided November 1, 1978.)

*Mr. Frederick S. Corns,* for appellee.
*Mr. Richard L. Aynes,* for appellant.

BELL, J. The Akron National Bank, plaintiff-appellee
(hereafter referred to as the Bank), sued the defendant-
appellant, Gerald Roundtree (hereafter referred to as Round-
tree), to collect the balance due under a cognovit note ex-
ecuted on November 28, 1972, for a loan on the purchase of a
car. Roundtree defaulted on his loan. The car was repossess-
ed and sold. The cognovit judgment for the balance due,
$492.48, taken on April 29, 1976, was set aside on

Roundtree's motion which alleged that the Bank violated the federal Truth-in-Lending Act (TILA). Roundtree claimed no actual damages, but counterclaimed for the statutory damages authorized by the act that is twice the amount of the finance charge of $318.83. Section 1640 (a) (2), Title 15, U. S. Code. Roundtree charged that the Bank violated the act in four respects: (1) no disclosure of the acceleration clause; (2) no meaningful disclosure of the existence or nature of the security interest; (3) insufficient disclosure of the method of computing unearned interest rebates, and (4) no itemization of the components of the finance charge. The Akron Municipal Court found that the printed form failed to adequately disclose the extent or nature of the Bank's security interest, but rejected Roundtree's other three claims. However, the trial court also found that Roundtree was barred from asserting any violations of the TILA as a defense because of the one year statute of limitations contained in Section 1640 (e), Title 15, U. S. Code, and defendant's failure to comply with Section 1640 (h), Title 15, U. S. Code. Roundtree appeals that judgment and contends as error:

"I.   The trial court erred by finding that disclosure is unnecessary under 15 U.S.C. §1638 (a) (9).

"II.  The trial court erred by ruling that the use of the term 'Rule of 78's' is sufficient disclosure.

"III. The trial court erred in denying the necessity of itemizing component parts of the finance charge.

"IV.  The trial court erred in holding appellant's claims to be set-offs rather than defenses via recoupment and that these claims were barred by 15 U.S.C. §1640 (E) and (H)."

I.

Roundtree first claims that the trial court erred by failing to find that Section 1638 (a) (9), Title 15, U. S. Code, requires the Bank to include any acceleration clause in the disclosure statement. The Bank's acceleration clause (a standard clause giving the creditor the option to call in the full amount of the principal if the debtor should default) is contained in the promissory note signed by Roundtree.

Although there is some support for Roundtree's argu-

ment, the greater weight of authority does not accept this view of the act. The consistent line of reasoning throughout the case law is that an acceleration of payments of the principal of a loan does not subject a defaulting party to any further liability or additional obligation. The debtor may be required to pay the full amount of the outstanding principal of the loan immediately, but no "charge" is involved as long as the unearned interest is rebated. See, *Johnson* v. *McCrackin-Sturman Ford, Inc.* (C.A. 3, 1975), 527 F. 2d 257; *Martin* v. *Commercial Securities Co., Inc.* (C.A. 5, 1976), 539 F. 2d 521; *Begay* v. *Ziems Motor Co.* (C.A. 10, 1977), 550 F. 2d 1244; and *Griffith* v. *Superior Ford Co.* (C.A. 8, 1978), 577 F. 2d 455.

We agree with *Griffith, supra,* where it is stated:

"***[I]n some context every term in a retail installment contract may be of importance to a credit customer. However, there is no provision in the Act which delegates to the *courts* any authority to enlarge upon the list of disclosure requirements set forth in the Act and the Board regulations simply because in the judgment of a court such additional information may be deemed desirable or even material to effectuate the statutory purposes. That power has been expressly given only to the Board:***" (Page 458.)

We note that the Federal Reserve Board's position on this issue is that the mere right to accelerate is not a charge and, therefore, need not be disclosed. Federal Reserve Official Staff Interpretation No. FC-0054 (1977), 42 Fed. Reg. 18056. For the above reasons, we reject Roundtree's first assignment of error.

## II.

We further agree with the trial court that a disclosure of the "Rule of 78's" method of computing the rebate of unearned interest in the event of prepayment does not violate 12 C.F.R., Section 226.8 (b) (7) (Regulation Z). That section requires a creditor to disclose:

*"Identification of the method* of computing any unearned portion of the finance charge in the event of prepayment in full of an obligation which includes precomputed finance charges***." (Emphasis ours.)

The meaning of the regulation is clearly that the method be identified, not explained or illustrated. The "Rule of 78's"

is commonly used to compute the amount of finance charges rebated in the event of prepayment or acceleration. We doubt that an explanation of this accounting practice would in reality aid the consumer in the informed use of credit.

## III.

Roundtree alleges the trial court erred in finding that a finance charge consisting of one element need not be itemized. In 1975, Section 226.820 was added to clear up the confusion about the extent of disclosure necessary in the case of a single component finance charge. 12 C.F.R., Section 226.820 provided:

"***A description of the amounts included in the finance charge is necessary to carry out the purposes of the Act only when the total charge includes more than one element. Therefore, where only a single type of charge comprises the finance charge, disclosure of the total dollar amount of such charge, using the term 'finance charge,' complies with the requirements of §§226.8 (c) (8) (i) and 226.8 (d) (3), and there is no further requirement under those sections that the single type of charge be otherwise identified or described."†

We disagree with Roundtree's assertion that this amendment supports his view of the state of the law in 1972—*i.e.*, that itemizing component parts of a finance charge was required even where there were no parts. We believe that the law, which never explicitly required itemization of one-component finance charges, now clearly forecloses any attempts to engraft such a requirement as implicit in the regulation. The trial court did not err when it found no violation in the disclosure of the finance charge.

## IV.

The trial court found that the Bank had violated Section 1638 (10) by failing to identify adequately its security interest in the car. It further found that, although the act had been violated, Roundtree had no recourse via a counterclaim because of the time limitations imposed by Sections 1640 (e) and 1640 (h). Roundtree's final assignment of error questions

†This interpretation was rescinded, effective August 6, 1976, inasmuch as Section 226.8 (c) (i) and (ii) (d) (3) was amended to incorporate the substance of Section 226.820 and it was made unnecessary. 41 Fed Reg. 28945.

this finding. The language of these sections has not been uniformly interpreted by the courts. The pertinent sections read respectively:

"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

"A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a) (2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party."

The parties agree that any violation must have occurred at the time of the execution of the loan agreement, which was more than one year before the Bank brought an action to collect on the note. A recoupment is generally defined as a demand arising from the same transaction as the plaintiff's claim. A set-off is a demand asserted to diminish or extinquish a plaintiff's demand, which arises out of a transaction different from that sued on. 3 Moore's Federal Practice, para. 13.02, note 1 (1978). A set-off, which is in the nature of an independent affirmative action, would be time-barred. A recoupment is not barred as long as the main action itself is timely. *Bull* v. *United States* (1935), 295 U. S. 247. Roundtree contends that his counterclaim of the Truth-in-Lending violation was a defense via recoupment, not a set-off. Most of the cases interpreting Section 1640 (e) turn on this distinction.

*Bankers Guaranty Corp.* v. *Powell* (D.C. 1977), 5 CCH Consumer Credit Guide, para. 98,176, held that a counterclaim in a similar suit was not barred because it was in the nature of a recoupment. That opinion distinguished the situation where a party would seek affirmative relief through a set-off, which the act would preclude if not within the one year period. The court labelled this type of counterclaim a "recoupment" because it found the execution of the loan contract to be the common basis for each claim. The lender violated a duty imposed by the act on the contract, and the lender's claim rose from the breach of that contract. See, also, *Empire Finance Co.* v. *Ewing* (Ky. App. 1977), 558 S.W.

2d 619. *Reliable Finance Corp.* v. *Iacono* (R.I. 1977), 5 CCH Consumer Credit Guide, para. 97,953; *Husband* v. *Blazer Financial Services Inc.* (Fla. 1978), 5 CCH Consumer Credit Guide, para. 97,889; *Collectors, Inc.* v. *The Artisco Association* (N.M. 1974), 5 CCH Consumer Credit Guide, para. 98,779; *General Finance Corp.* v. *Martin* (Mich. 1976), 5 CCH Consumer Credit Guide, para. 98,360.

Other cases holding that the defense of a Truth-in-Lending Act violation is not barred by Section 1640 (e) rely in part on state procedural laws. Two Louisiana state court cases held that under Louisiana law the defense could be raised after the expiration of the one year period. *Reliable Credit Service, Inc.* v. *Bernard* (La. App. 1976), 339 So. 2d 952, and *Termplan Mid-City, Inc.* v. *Laughlin* (La. App. 1976), 333 So. 2d 738. See, also, *Wood Acceptance Co.* v. *King* (1974), 18 Ill. App. 3d 149, 309 N.E. 2d 403, and *Stephens* v. *Household Finance Corp.* (Okla. 1977), 566 P. 2d 1163.

Ohio has no statute that speaks directly to the effect of a statute of limitation on a defensive counterclaim. See, R. C. 2309.19. However, it is a rule of Ohio practice that a claim is not barred when brought as a defensive claim, even though it would be barred at the time plaintiff institutes his action if brought affirmatively. *In re Butler* (1940), 137 Ohio St. 96 and *Shriner* v. *Price* (1944), 74 Ohio App. 373. In dealing with a similar issue, the Eighth District Court of Appeals held that a defendant's counterclaim alleging plaintiff's Truth-in-Lending violations was not barred by Section 1640 (e). *Continental Acceptance Corp.* v. *Rivera* (1976), 50 Ohio App. 2d 338 (certiorari denied 434 U. S. 857). The court gave two reasons for this holding. First, the defense was a recoupment, not a set-off, because the establishment of the Truth-in-Lending violations emerged from the transaction upon which plaintiff's claim was based. Second, the fundamental policy of the act would be frustrated if a recoupment were barred because creditors could avoid the proscriptions of the act by waiting one year to bring suit on defaulting debtors. See, also, *Household Finance Corp.* v. *Hobbs* (Del. 1978). 5 CCH Consumer Credit Guide, para. 97,972d; and *Quaker State Constr. Co.* v. *Drake* (W.Va. 1977), 5 CCH Consumer Credit Guide, para. 98,057.

The line of cases supporting the trial court's finding that

defendant's counterclaim is barred by Section 1640 (e) includes *Gillis* v. *Fisher Hardware Co.* (Fla. App. 1974), 289 Wo. 2d 451, and *Hodges* v. *Community Loan and Investment Corp.* (1974), 133 Ga. App. 336, 210 S. E. 2d 826. Each may be distinguished from the matter before us. *Hodges, supra,* notes the contrast between the Georgia statutes and those of Illinois which serve to underline the decision reached in *Wood Acceptance Co., supra.*

The opinion in *Public Loan Co., Inc.* v. *Hyde* (1977), 89 Misc. 2d 266, 390 N.Y.S. 2d 971, looked to Section 1640 (h) and construed that section as evidencing a legislative intent to limit rather than extend liability. Also of interest to our considerations here are *Household Consumer Discount Co.* v. *Vespaziani,* No.'s 482 and 483, Sup. Ct. Pa., April 28, 1978, and *Shannon* v. *Carter* (1978), 282 Ore. 449, 579 P. 2d 1288.

Our consideration of those opinions noted above, as well as the facts before us, lead us to hold that Roundtree's claim here is not barred by the one year statute of limitations. We agree with the reasoning of Continental Acceptance, and hold that this counterclaim is in the nature of a recoupment brought into the instant litigation as a defensive measure. Both the debt and the claimed violation arise from the same loan transaction.

## V.

Finally, Roundtree contends that Section 1640 (h) was misinterpreted by the trial court. The trial court held that the defendant's counterclaim could not be maintained unless the plaintiff had been found in violation of the act in a prior judicial proceeding. The plaintiff cites *Public Loan, supra,* and *Ken-Lu Enterprises, Inc.* v. *Neal* (1976), 29 N.C. App. 78, 223 S. E. 2d 831, as support for this proposition.

Defendant argues that Congress amended the act with Section 1640 (h) to prevent a borrower from deducting the statutory penalty from his monthly balance anytime he felt his creditor had violated the act. There is support for this view in the legislative history. 123 Cong. Rec. S. 6025 (1977) (remarks of Senator Proxmire.) This provision was discussed in *Grey* v. *European Health Spas, Inc.* (Conn. 1977), 428 F. Supp. 841 where the court stated at 847:

"Under this provision a debtor may not stop paying on

his debt when he reaches the point where his remaining payments equal the statutory penalty; in other words, he may not use self-help remedies in lieu of a judicial action to recover his truth-in-lending damages."

See, also, *Brooks* v. *Maryville Loan and Finance Co.* (Ga. 1976), 5 CCH Consumer Credit Guide, para. 98,427.

*Stephens* v. *Household Finance Corp., supra,* specifically rejects *Ken-Lu,* and holds that the act requires only that the consumer and creditor litigate the alleged Truth-in-Lending violation, even as a counterclaim in a state proceeding to collect a debt. That court did not interpret Section 1640 (h) as requiring a separate, prior proceeding. See, also, *Reliable Credit Service, Inc., supra.*

The nature and purpose of the act support a liberal interpretation of its provisions. In light of the legislative history available, it is difficult to accept the interpretation of Section 1640 (h) as set forth in *Ken-Lu, supra.* The section is by no means clear, but *Grey, supra,* interpreting Section 1640 (h) as an attempt to prevent "self-help" remedies, is at least consistent with the underlying purpose of the act. We agree with the reasoning of *Stephens, supra,* and hold that the action brought by the Bank against Roundtree was a proper time and place for the Bank's liability to Roundtree for any Truth-in-Lending violations to be determined.

In summary, we affirm the trial court's finding that the Truth-in-Lending Act does not require a creditor to include an acceleration clause in the disclosure statement, to identify more than the method of computing unearned finance charges, or to itemize a single component finance charge. We reverse the trial court's finding that the defendant's counterclaim is barred and we hold that neither Section 1640 (e) nor Section 1640 (h), 15 U. S. Code, bar a claim for recoupment or a Truth-in-Lending violation in a creditor's action arising out of the same loan agreement.

The judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed.*

MAHONEY, P.S., and HUNSICKER, J., concur.

HUNSICKER, J., retired assigned to active duty under authority of Section 6 (c), Article IV, Constitution.