NATIONAL BOULEVARD BANK OF CHICAGO, Plaintiff-Appellant, *v.* GERRI L. THOMPSON *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 79-877

Opinion filed June 17, 1980.

Lawrence S. Komar, of Burbank, for appellant.

Yvonne W. Rosmarin and Joel Stein, both of Legal Assistance Foundation of Chicago, of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This creditor's appeal raises issues regarding the proper interpretation of the Federal Consumer Credit Protection Act, popularly known as the Truth in Lending Act (TILA) (15 U.S.C. §1601 et seq. (1976)), and the continued vitality of a decision of this court, *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403, permitting debtors being sued on their obligations to file TILA counterclaims although the one-year limitation period on TILA actions (15 U.S.C. §1640(e))[1] had expired. The *Wood Acceptance* court held that the one-year limitation was not such an integral part of the TILA as to outweigh the combined purposes of that Act (to promote the informed use of credit largely through consumer civil actions against nondisclosing creditors) and section 17 of our own Limitations Act.[2] 18 Ill. App. 3d 149, 151; see generally Comment, *The Demise of Substantive Time Limitations in Illinois*, 11 J. Mar. J. Prac. & Proc. 579 (1978).

Subsequently, the courts of many, but not all, other States considering the question have also permitted debtors to raise as counterclaims TILA claims that would otherwise have been time-barred. (See cases collected in *Plant v. Blazer Financial Services, Inc.* (5th Cir. 1979), 598 F.2d 1357, 1364-65 n.13; Annot., 36 A.L.R. Fed 657 (1978); see generally Comment, *Truth in Lending and the Statute of Limitations*, 21 Vill. L. Rev. 904 (1976).) The decisions either way generally resulted from variations in State statutes or particular States' views of the common law doctrine of recoupment, which, as defined in one early Illinois case, "adjusts by one action adverse claims growing out of the same subject-matter."[3] *Stow v. Yarwood* (1853), 14 Ill. 424, 427; see Comment, 21 Vill. L. Rev. 904, 905-09 (1976).

---

[1] "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." This section vests jurisdiction over truth in lending actions in both State and Federal courts. *Ninth Liberty Loan Corp. v. Hardy* (1977), 53 Ill. App. 3d 601, 605-06, 368 N.E.2d 971.

[2] "A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff ° ° ° before such set-off or counter claim was so barred, and not otherwise ° ° °." Act of April 4, 1872, Ill. Rev. Stat. 1977, ch. 83, par. 18.

[3] Section 38(1) of the Civil Practice Act subsumes the doctrines of both set-off and recoupment in Illinois' definition of counterclaim. Ill. Rev. Stat. 1977, ch. 110, par. 38(1).

However, the use of State law to extend a Federal right has been questioned (see *Basham v. Finance America Corp.* (7th Cir. 1978), 583 F.2d 918, 928 n.19, *cert. denied sub nom. DeJaynes v. General Finance Corp.* (1979), 439 U.S. 1128, 59 L. Ed. 2d 89, 99 S. Ct. 1046), and has been challenged by the creditor in the appeal at bar. But application of the *Federal* common law of recoupment has also resulted in a split of authority, depending on how restrictive a view of recoupment (and the requirement that the claims arise from the same transaction) was taken. Compare *Basham*, 583 F.2d 918, 927-28 (recoupment not applicable), with *In re Scott* (D. Conn. 1978), CCH Cons. Cred. Guide par. 97, at 825; *Ballew v. Associates Financial Services Co.* (D. Neb. 1976), *CCH* Cons. Cred. Guide par. 98, at 327; Comment, 21 Vill. L. Rev. 904; see also, *e.g., Household Finance Corp. v. Hobbs* (Del. Super. Ct. 1978), 387 A.2d 198 (TILA counterclaim could proceed under State or Federal law of recoupment).

In addition, courts split on the effect of a 1974 amendment which added subsection (h) to 15 U.S.C. §1640, as follows:

> "A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party." (15 U.S.C. §1640(h) (1976).)

While some cases took the view that this subsection was meant to bar TILA counterclaims in actions by creditors, because the creditors' liability would not yet have been judicially determined (*Basham*, 583 F.2d 918, 928 & n.19 (semble); *Ken-Lu Enterprises, Inc. v. Neal* (1976), 29 N.C. App. 78, 223 S.E.2d 831, noted in 13 Wake Forest L. Rev. 189 (1977)), a majority of authorities, citing the legislative history of the amendment, rejected this interpretation. *E.g., Akron National Bank & Trust Co. v. Roundtree* (1978), 60 Ohio App. 2d 13, 395 N.E.2d 525; *Stephens v. Household Finance Corp.* (Okla. 1977), 566 P.2d 1163; Comment, 21 Vill. L. Rev. 904, 923-25 (1976), (subsection (h) only bars self-help withholding of statutory damages).

In the case at bar, following denial of the creditor bank's motion to strike the debtor's TILA counterclaim as time barred, the creditor stood on its motion and the trial court entered judgment on the counterclaim. Purusant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), the creditor has appealed, requesting that this court reexamine *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403. In a motion that we have taken with the case, the debtor prayed for

summary affirmance on the basis of *Wood Acceptance Co.* and the creditor's failure to file a reply brief. However, we have elected to review developments subsequent to *Wood Acceptance Co.* for two reasons. First, though not unanimous, the clear weight of authority is in accord with the result reached in that case and supports our continued adherence thereto. Second, the case law serves to highlight an even more recent legislative development. By Act of March 31, 1980, Congress passed the Depository Institutions Deregulation and Monetary Control Act of 1980 (P.L. 96-221, 94 Stat. 131 *et seq.*), title VI of which constitutes the Truth in Lending Simplification and Reform Act. (See generally 48 U.S.L.W. 113 *et seq.* (April 22, 1980); CCH Installment Cred. Guide, Report 304, Part II (April 30, 1980).) Section 615 of the new act amends 15 U.S.C. §1640, the civil liability section of the TILA, in the following pertinent respects. Subsection (e) (quoted in note 1), setting out the one-year limitation period on TILA actions, is amended by adding:

"This subsection does not bar a person from asserting a violation of this title in action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law."

Subsection (h), dealing with set-offs, is amended to read:

"A person may not take any action to offset any amount for which a creditor or assignee is potentially liable to such person under subsection (a)(2) against any amount owed by such person, unless the amount of the creditor's or assignee's liability under this title has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party. This subsection does not bar a consumer then in default on the obligation from asserting a violation of this title as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under this title." (94 Stat. 180-81.)

The Senate Committee Report on this section provides:

"[T]his section addresses truth in lending claims by consumers in two respects. First, section 130(h) [15 U.S.C. §1640(h)] is amended to state explicitly that an action under the act by a consumer who is then in default of the underlying obligation is not, by itself, a prohibited offset. Also, a provision is added permitting actions in recoupment or offset beyond the one year statute of limitations, except where otherwise provided by State law or rules of civil procedure." Senate Committee on Banking, Housing and Urban Affairs, Truth in Lending Simplification and Reform Act, S. Rep. No. 96-368, 96th Cong., 1st Sess. 32 (1979).

Finally, section 625 of the new act provides that these amendments take effect upon the expiration of two years after the date of the Act, or April 1, 1982. However, even if not directly applicable in the case at bar, the amendments nevertheless bolster the *Wood Acceptance Co.* court's holding that the one-year limitation period on TILA actions is not so integral a part of the Act as to outweigh the TILA's broad remedial purpose and this State's interest in applying its procedural law to permit otherwise time-barred TILA claims to be asserted as counterclaims.

Accordingly, the judgment of the trial court in favor of the debtor on the counterclaim is affirmed.

Affirmed.

PERLIN, P. J., and DOWNING, J., concur.