LEE, Justice,
for the Court:
Herman Ford and Mattie Louise Ford have appealed from a judgment of the Circuit Court of Grenada County, Honorable Clarence E. Morgan, Jr., presiding, entered in favor of Rodney E. Defenbaugh in the sum of $879.62, together with an attorney’s fee of $100, on a suit for deficiency judgment. We reverse.
Appellants have assigned four errors in the trial below, but, in view of our decision, we only consider (1) whether the lower court erred in overruling appellants’ motion for a directed verdict for violation of the Truth-in-Lending Act and (2) whether the lower court erred in declining to grant a reasonable attorney’s fee to appellants.
On July 10, 1978, appellee made a consumer loan to the appellants in the amount of $1,781.77 and, as security therefor, the appellants executed a promissory note to appellee and granted a security interest in a 1973 Pontiac Catalina automobile and their household goods. They defaulted on the repayment of the loan, the automobile was repossessed by appellee and sold for $1348, according to the terms of the promissory note and security agreement, leaving a balance due appellee in the sum of $879.62.
Appellee filed suit against appellants for deficiency judgment on January 14, 1980, and the appellants answered alleging as an affirmative defense a set-off that the ap-pellee had violated the disclosure provisions of the Truth-in-Lending Act and was liable to appellants for the statutory penalties and attorney’s fee provided in said act. They also filed a counterclaim for same. On motion of appellee, the trial court dismissed the appellants’ counterclaim but permitted them to proceed with the claim for set-off.
Several violations of the Truth-in-Lending Act were charged by appellants and, among them, the evidence is uncontradicted that appellee failed to disclose a description or identification of household goods used as security for the loan in violation of 15 U.S.C.A. section 1639(a)(8) and Regulation Z, section 226.8(b)(5). The trial judge, in his opinion, found that there had been such a violation. Section 1639(a)(8) provides:
(a) Any creditor making a consumer loan ... in a transaction which is neither a consumer credit sale nor under an open-end consumer credit plan shall disclose each of the following items to the extent applicable:
(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the Extension of Credit, and a clear identification of the property to which the security interest relates.
Regulation Z, section 226.8(b)(5) provides in part the following:
*865 (b) In any transaction subject to this section, the following items, as applicable, shall be disclosed:
(5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the .obligation, or separate disclosure statement, shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable ....
At the conclusion of all the evidence and after the parties had rested, the trial judge entered judgment for appellee and denied the set-off claimed by appellants on the ground that they had not proved any actual damages. The trial judge cited and relied upon Ken-Lu Enterprises, Inc. v. Neal, 29 N.C.App. 78, 223 S.E.2d 831 (1976). That case involved a counterclaim by the debtor rather than a set-off and, in discussing 15 U.S.C.A. section 1640(h), the Court said:
The design of the Act was to provide protection for consumers by affording them, through meaningful disclosure, an opportunity to compare and shop for credit. The Act should be used to protect consumers, but it should not be used to thwart the valid claims of creditors. We hold that defendants who are sued on evidences of debt may not assert potential liability of the creditor under the Truth-in-Lending Act as a counterclaim or defense in such action, so far as any damages other than actual ones.
(223 S.E.2d at 834)
The Ken-Lu decision has been sharply criticized by other jurisdictions. In Pacific Concrete U. v. Kauanoe, 614 P.2d 936 (Hawaii 1980), the Court said:
Appellee raises an additional argument that the result sought by appellant would be inconsistent under the amendment to the Act. Under this section, damages pursuant to the Act cannot be asserted because appellant’s TILA claims were not determined by a court of competent jurisdiction in an action to which the appellee was a party. The Ken-Lu, supra case was cited in support of this argument. There a North Carolina Court of Appeals interpreted the section to bar all counterclaims or defenses under the TILA until a creditor’s civil liability had been determined by a proper court judgment.
This interpretation has been expressly rejected by several other courts who interpreted the section to apply only in situations where debtors tried to deduct unilaterally from the amounts owing because of alleged TILA violations. Lincoln First Bank of Rochester v. Rupert, supra; Stephens v. Household Finance Corp., Okl., 566 P.2d 1163 (1977); Reliable Credit Service, Inc. v. Bernard, 339 So.2d 952 (La.App. 1976).
* ifc Sft ijt $ ‡
A subsequent bill to the TILA entitled “The Truth in Lending Simplification and Reform Act” would amend § 1640(h) to expressly allow recoupment claims. The section-by-section analysis of the bill states:
“SEC. 14. Set-off rights. — Would amend section 130(h) of the Truth in Lending Act to make clear that this section, which prohibits a borrower from off setting Truth in Lending damages against a debt owed unless a court has found a Truth in Lending violation, does not prohibit a borrower from raising a creditor’s violation by way of recoupment or similar doctrine where permitted by State law. It was Congress’ intent in enacting this section in 1974 to prohibit a debtor from unilaterally offsetting al *866 leged damages, but not to prohibit the borrower from seeking an offset in a legal action. This amendment will supersede an erroneous court decision on this subject.”
123 Cong. Rec. 11337 (1977). Appellant has not attempted singly to deduct any amounts from the debts owed. Rather, in the current instituted suit he alleged as a counterclaim certain TILA violations on appellee’s part. These allegations were made to obtain a judicial determination of all claims relating to the loan transaction at one time. An approach such as the one taken in Ken-Lu, supra, would result in a complete bar to the assertion of any TILA claims as defenses in creditors’ actions. Such a drastic result was not contemplated by its drafters and would severely undercut the spirit of the Act. Appellant should be allowed his claims.
(614 P.2d at 942-943)
The Oklahoma Supreme Court held in Stephens v. Household Finance Corporation, 566 P.2d 1163 (Okl. 1977), the following:
We believe the reasoning in Ken-Lu is faulty and decline to adopt its views. Reading § 1640(h) in conjunction with the balance of the Act, we are convinced this amendment was directed to a situation wherein a debtor attempts to evade payment on a note by deducting the Act’s penalty from his payment without a judicial determination of the liability of the lender.
Although we agree with Household that § 1640(h) requires a judicial determination of liability, the state action serves this purpose. Liability under the Act will be determined by the judgment of the court in the action wherein the set off or counterclaim is alleged, after lender, as a party to the lawsuit, has had an opportunity to be heard, and defend against the claim. The court will set off any adjudicated penalty against the debt.
We therefore hold § 1640(h) does not apply to a claim under the Act used as a defense or counterclaim in an action on a note.
(566 P.2d at 1166)
See also National Boulevard Bank of Chicago v. Thompson, 85 Ill.App.3d 1145, 41 Ill.Dec. 241, 407 N.E.2d 739 (1980); Easy Living, Inc. v. Whitehead, 65 Ohio App.2d 206, 417 N.E.2d 591 (1979); Household Finance Corp. v. Hobbs, 387 A.2d 198 (Del.Sup.1978); Lincoln First National Bank of Rochester v. Rupert, 60 A.D.2d 193, 400 N.Y.S.2d 618 (1977); Stephens v. Household Finance Corp., supra; Comments, 21 Vill.L.Rev. 904 at 924, Fn. 121, and at page 925.
We agree that the reasoning expressed in the above cases is sound and we decline to follow Ken-Lu Enterprises, supra.
15 U.S.C.A., Truth-in-Lending Act, section 1640, provides the following:
(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or
s}t s)c s{: jf: >}:
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney’s fee as determined by the court.
The full amount of the finance charge here is $1,098.23. We hold that the appellants are entitled to a set-off in the sum of $879.62, being the sum for which appellee sued appellants, coming within Section 1640, supra, and the amount of the judgment rendered. Appellants are also entitled to a reasonable attorney’s fee for services rendered in the lower court and on this appeal. Therefore, the judgment of the trial court is reversed and judgment is rendered here on the set-off claim of appellants in the sum of $879.62 which extinguishes the judgment and the attorney’s fee *867 awarded in the lower court to appellee. The case is remanded to the Circuit Court of Grenada County for the purpose of fixing a reasonable attorney’s fee for services rendered by appellants’ attorney in the lower court. When that court fixes such attorney’s fee, it shall add one-half of said amount to the fee for services rendered by appellants’ attorney in this Court.
REVERSED AND JUDGMENT RENDERED HERE FOR APPELLANTS AND REMANDED TO THE LOWER COURT FOR DETERMINATION OF ATTORNEY’S FEE.
PATTERSON, C. J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.