*In re* ESTATE OF DONALD N. GRAFF, Deceased—(Morton Community Bank, Claimant-Appellee, Margaret K. Graff, Ex'r of the Estate of Donald N. Graff, Respondent and Counterclaimant-Appellant).

Third District   No. 82—702

Opinion filed September 7, 1983.

John T. Pratt and Catherine A. Pratt, both of Pratt, Sternberg & Finegan, P.C., of Bloomington, for appellant.

David A. Benckendorf, of Benckendorf & Benckendorf, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is a result of an order entered by the circuit court of Tazewell County allowing a claim filed by the Morton Community Bank against the estate of Donald Graff, deceased, in the amount of $21,027.70, representing the amount due on a collateral promissory note executed by decedent, and dismissing certain counterclaims filed by the executor of the estate, Margaret Graff.

The decedent, Donald Graff, agreed with the Morton Community Bank to consolidate several of the decedent's outstanding loans with a single loan and to procure credit life insurance insuring the principal of that consolidated loan. The decedent made arrangements with the bank to execute the loan and insurance documents on June 9, 1981, and the note and insurance certificate were prepared on that date. However, the decedent did not sign the refinancing note until June 16, 1981, and the note remained dated June 9, 1981.

The note was to mature seven months from the date appearing on its face. Its term was calculated on a 30-day month basis and, therefore, the note had a maturity date of January 2, 1982. The term of the insurance policy was established to coincide with the term of the note. Its term was calculated on a calendar month basis, expiring on January 9, 1982.

The decedent failed to pay or refinance the loan on its maturity

date of January 2, 1982, or thereafter. The decedent then died on January 13, 1982.

The bank filed a timely claim with the Tazewell County circuit court for the balance due on the promissory note including interest. The executor of the decedent's estate objected to the claim and counterclaimed for breach of contract to procure credit life insurance, for negligence in procuring credit life insurance and for violations of the Illinois Insurance Code and Federal Regulation Z. On July 21, 1982, the trial court issued an order allowing the bank's claim and dismissing the executor's counterclaims. The executor is appealing from that order.

The executor has presented the following issues for our review: (1), whether the bank acted negligently or in breach of contract in the procurement of the credit life insurance policy in that said policy expired seven calendar months from June 9, 1981, the date of the note, and not seven calendar months from June 16, 1981, the date the decedent actually signed the note; (2), whether the executor is entitled to recover twice the total of all interest, discounts and charges determined by the loan contract and reasonable attorney fees and court costs under section 6 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6413) for the bank's failure to comply with the provisions of section 155.56 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 767.56); and (3), whether the executor is entitled to recover under 15 U.S.C. sec. 1640 (1976) for the bank's failure to include the charge for the credit life insurance premium in the finance charge disclosure pursuant to Federal Regulation Z of the Truth-in-Lending Act (15 U.S.C. sec. 1605(b) (1976)).

We do not believe that the bank acted either negligently or in breach of contract in the procurement of credit life insurance for the decedent. Arrangements had been made by the bank and the decedent to execute the consolidation note and insurance documents on June 9, 1981. The documents had been prepared on this date, however, the decedent did not sign the documents until June 16, 1981. He, of course, remained liable for monies previously received during this interim period.

It being undisputed that the decedent signed the note dated June 9, 1981, this is *prima facie* evidence that the contents of the note were known to the decedent. (*Hartford Life & Annuity Insurance Co. v. Gray* (1875), 80 Ill. 28.) Thus, the decedent's act of signing the note, with the knowledge that it was dated June 9, 1981, was an adoption and ratification of the effective date of the note, namely June 9, 1981.

■ The credit life insurance policy was procured to coincide with the term of the note and, therefore, to protect the decedent's interest during the period of time when the note would be outstanding. The decedent's death on January 13, 1982, after his default on the note and after the insurance had lapsed, was simply a fortuitous event. Therefore, no basis exists for a claim of negligence or breach of contract with reference to the bank in its procurement of credit life insurance for the decedent.

■ The executor next claims that the estate is entitled to recover twice the total of all interest, discounts and charges determined by the loan contract under section 6 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6413) for the bank's failure to comply with the provisions of section 155.56 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 767.56).

Section 155.56 of the Insurance Code provides that if an individual policy or group certificate of credit life insurance is not delivered to the debtor at the time the indebtedness is incurred, a copy of the application for such policy or a notice of the proposed insurance must be delivered to the debtor at such time. In *Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719, 408 N.E.2d 248, the court tied section 4a(c) of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6410(c)) to section 155.56 of the Illinois Insurance Code in holding that the Merchandise National Bank was liable to the debtor for twice the amount of interest, discounts and charges determined by the loan contract pursuant to section 6 of the Interest Act (Ill. Rev. Stat. 1981, ch. 17, par. 6413).

Section 4a of the Interest Act relates to installment loans, loans requiring payment in two or more substantially equal periodic installments over a period of not more than 181 months. Subsection (c) thereof indicates that credit life insurance and any charges therefor in connection with the loan, must comply with article IX½ of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, pars. 767.51 through 767.65).

The loan involved in the instant case is not an installment loan. The note executed by the decedent was due in one payment at the end of a seven-month term. Therefore, section 4a(c) of the Interest Act, applicable only to installment loans, is ineffective in establishing liability under section 6 of the Interest Act for any alleged failure by the bank to comply with the provisions of section 155.56 of the Illinois Insurance Code.

■ The executor also contends that the bank violated Federal Regulation Z, promulgated pursuant to the Truth-in-Lending Act (15

U.S.C. sec. 1605(b) (1976)) and is, therefore, liable to the estate for $1,000 and reasonable attorney fees and costs under 15 U.S.C. secs. 1640(a) (2)(A)(i), (B)(3) (1976).

It is necessary to first establish that the one year limitation period contained in 15 U.S.C. sec. 1640(e) (1976), applicable to actions alleging violations of the Truth-in-Lending Act and Regulation Z, would not bar the executor's counterclaim thereunder.

In *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403, and *National Boulevard Bank v. Thompson* (1980), 85 Ill. App. 3d 1145, 407 N.E.2d 739, the court determined that the purpose of the Truth-in-Lending Act would be circumvented if the one-year limitation period were employed to bar a counterclaim falling within section 17 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 18, now Ill. Rev. Stat. 1981, ch. 110, par. 13—207). The executor's counterclaim is such a counterclaim and, therefore, would not be barred by the one-year limitation statute.

Regulation Z requires that any charges or premiums for credit life insurance be included in the disclosure of finance charges unless (1), the insurance coverage is not required by the creditor and this is disclosed in writing to the customer; and (2), any customer desiring such insurance coverage gives a "specific dated and separately signed" written indication of such desire after receiving written disclosure of the cost of said insurance coverage.

In the case at hand, no other date appeared on the face of the note except the date of June 9, 1981, and the space for the date in the insurance block of the note was left blank. The executor contends that this did not constitute a "specific dated and separately signed" indication of the decedent's desire for insurance coverage; however, the executor also concedes that a separate date next to the borrower's signature indicating a desire for insurance is unnecessary when there is no question that the request for insurance was signed on the same date as appears elsewhere on the document. *Porter v. Household Finance Corp.* (S.D. Ohio 1974), 385 F. Supp. 336; *In re Warren* (S.D. Ohio 1975), 387 F. Supp. 1395.

As indicated previously, the act of the decedent in signing the note dated June 9, 1981, on June 16, 1981, was an adoption and ratification of the effective date of the note, namely June 9, 1981. Therefore, the decedent, by his adoption of June 9, 1981, as the effective date of the note and the entire loan transaction, also adopted June 9, 1981, as the effective date of his request and receipt of credit life insurance coverage. Thus, the request for insurance coverage and the decedent's signature were effective as of the date appearing on the

face of the note, June 9, 1981. This constituted a "specific dated and separately signed" written indication of the decedent's desire for insurance coverage. Federal Regulation Z was, therefore, not violated in this instance.

Accordingly, for the foregoing reasons the order of the circuit court of Tazewell County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.