No. 56,193

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, A New York
Corporation, *Appellee,* v. DONALD E. BERNASEK and MERLE L.
BERNASEK, *Appellants,* OKETO STATE BANK; W. R. GRACE & CO.;
and FARMERS GROUP PURCHASING, INC., *Defendants.*

(682 P.2d 667)

Opinion filed
June 8, 1984.

*Jan M. Hamilton,* of Hamilton, Peterson, Tipton & Muxlow, of Topeka, argued

the cause and *Dennis V. Lacey,* of the same firm, was with him on the brief for appellants.

*Ford R. Nelson, Jr.,* of Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, of Kansas City, Missouri, argued the cause and *Linda J. Gershon,* of the same firm, and *Kenneth V. Moses,* of Marysville, were with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is an action to foreclose a real estate mortgage. Mutual Life Insurance Company of New York (MONY), plaintiff/appellee, is the mortgagee and Donald E. Bernasek and Merle L. Bernasek, his wife, defendants/appellants, are the mortgagors. Oketo State Bank, W. R. Grace & Company, and Farmers Group Purchasing, Inc., defendants, are lienholders of the Bernaseks, junior to MONY. This appeal is from the trial court's judgment for MONY.

Donald E. Bernasek and his wife, Merle L. Bernasek, owned 440 acres of farmland in Marshall County. The dismal agricultural economic conditions of the late 1970's drove the Bernaseks to financial disaster. They sought long-term financing. On December 20, 1979, they made a loan application to MONY which was favorably received. On February 4, 1980, MONY made a non-assignable loan commitment to the Bernaseks in an amount not to exceed $425,000. The Bernaseks accepted the commitment. The amount of the loan was later reduced to $375,000 with Bernaseks' agreement.

Due to some confusion as to the applicability of Regulation Z of the Federal Truth in Lending Act (TILA), 12 C.F.R. 226 *et seq.* (1980), to this transaction MONY decided to use an abundance of caution and comply with the Act. On July 14, 1980, it served an "Advance Disclosure Statement" and a "Rescission Notice" on the Bernaseks. They were given until no later than midnight, July 17, 1980, to cancel the transaction. They did not cancel, rather, they accepted the loan proceeds, executed a note in the amount of $375,000 and gave a mortgage on 440 acres of land on July 18, 1980. The loan was disbursed pursuant to the Advance Disclosure Statement except for two variations. These changes reduced the net disbursement to the Bernaseks by $10,124.49. The Bernaseks, nevertheless, executed and acknowledged the July 18 disbursement closing report authorizing the disbursement of the loan proceeds according to those terms. Oketo State Bank received $72,000 on its note out of the loan proceeds. When the balance of $154,556.02 was distributed to the Bernaseks by

MONY, Oketo claimed that balance. The Bernaseks endorsed the draft to Oketo, leaving themselves no operating capital. This proved disastrous. They immediately defaulted on the MONY loan.

MONY filed this foreclosure action on August 13, 1981. The Bernaseks promptly filed a petition in bankruptcy which stayed the foreclosure action for some time. Eventually the automatic stay was lifted and MONY obtained judgment on December 30, 1982. By the terms of that judgment the Bernaseks were permitted to pursue their TILA claim against MONY. Accordingly they filed a counterclaim on February 14, 1983, setting out MONY's alleged violations of Regulation Z. On February 26, 1983, the Bernaseks attempted to rescind the transaction by mailing MONY a Rescission Notice accompanied by their quitclaim deed to 385 acres of the foreclosed real estate, which they valued at $385,000. In spite of this ploy the sheriff's sale was held on March 8, 1983, and the entire tract of 440 acres was sold to MONY.

After an evidentiary hearing on the Bernaseks' counterclaim the trial court rendered judgment for MONY, holding the transaction was exempt from TILA as an agricultural loan exceeding $25,000 and that the attempted rescission by the Bernaseks had no legal effect. This appeal followed. We affirm.

The sole issue on this appeal is the applicability of the Truth in Lending Act. TILA is intended to aid consumers in making informed decisions concerning the extension of credit by requiring the use of uniform vocabulary and disclosures of the costs of credit. 15 U.S.C. § 1601 (1976). The Act as well creates certain consumer rights which must also be disclosed. 15 U.S.C. § 1636. To compel compliance Congress created a cause of action for consumers which includes civil penalties and attorney fees. 15 U.S.C. § 1640(a)(2)(A), and (a)(3). The resulting federal right against lenders may be litigated in state court pursuant to the supremacy clause of Article VI of the United States Constitution. *United Missouri Bank of Kansas City v. Robinson*, 7 Kan. App. 2d 120, 638 P.2d 372 (1981).

On the facts of this case, the trial court correctly found that the TILA by its terms did not apply to this loan. The TILA exempted all agricultural loan transactions of over $25,000. 15 U.S.C. § 1603(5) (1976); 12 C.F.R. § 226.3(e) (1980). That exemption has

now been repealed. 15 U.S.C. § 1603 (1982). However, the repealer does not affect this case. In spite of the exemption the Bernaseks argue MONY's act of volunteering some of the Regulation Z requirements brought this transaction under the Act.

The TILA provides, and the courts have held, the Act should be liberally construed in the consumer's favor; however, equitable considerations cannot be ignored in the process.

"There are times when the lender has made a good faith effort to comply with the uncertainties of the TILA and when the borrower has not been misled or damaged. In these instances holding the lender liable would amount to nothing more than a windfall for the borrower. The purposes of the TILA are not served by harassment of well-intentioned lenders." *Super Chief Credit Union v. Gilchrist*, 232 Kan. 40, 46, 653 P.2d 117 (1982).

The Bernaseks argue MONY should be estopped to deny the validity of its voluntary representations, notwithstanding that MONY's disclosures were not required by federal law. They specifically claim MONY represented in its July 14 "Rescission Notice" that the Bernaseks possessed a three-day right of rescission under TILA, running through midnight July 17, 1980, which MONY should now be estopped to deny. Thus, they invoke the doctrine of equitable estoppel.

The Bernaseks go on to argue that if MONY is estopped to deny the validity of the rescission notice it should then be required to comply with the Bernaseks' right to rescind as it exists under federal law. They claim the rescission notice gives them the right to rescind within three days of the date of the notice "or any later date on which all material disclosures required under the Truth in Lending Act have been given . . . ." The Bernaseks claim essential facts were undisclosed and that the actual closing statement was not signed until July 18 "so there was nothing to rescind prior to that date." They then conclude the rescission notice did not expire according to its own terms but, being faulty and misleading, is limited only by the three-year statute of limitations provided for in 15 U.S.C. §1635. The Bernaseks exercised their claimed rescission rights February 26, 1983, within three years of the July 18, 1980, closing date. This argument is valid only if MONY is estopped to deny the applicability of TILA.

The doctrine of equitable estoppel is well established:

"Equitable estoppel is the effect of the voluntary conduct of a person whereby he is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party asserting equitable estoppel must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed. It must also show it rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts." *Cosgrove v. Young*, 230 Kan. 705, Syl. ¶ 6, 642 P.2d 75 (1982).

While actual fraud, bad faith or an attempt to mislead or deceive is not essential to create an equitable estoppel, it is necessary to show both misrepresentation and detrimental reliance to invoke the doctrine. *Levi Strauss & Co. v. Sheaffer*, 8 Kan. App. 2d 117, Syl. ¶ 2, 650 P.2d 738 (1982).

We find substantial competent evidence to support the trial court's finding there was no misrepresentation on the part of MONY or detrimental reliance by the Bernaseks. Though not required by the TILA, the rescission notice MONY gave the Bernaseks on July 14, 1980, was binding on MONY as granted. It was in no way a misrepresentation. The Bernaseks thus had the right to cancel the entire transaction until midnight, July 17, 1980. They chose not to cancel, and are bound by that choice. The Bernaseks claim the commitment of $425,000 was a misrepresentation upon which they detrimentally relied causing them to decline rescission. This argument lacks validity. The Bernaseks had prior knowledge of the reduction in loan amount. The July 14, 1980, Advance Disclosure Statement which accompanied the rescission notice contained the information about the reduced amount. In spite of this specific notice, the Bernaseks did not cancel as they had every right to do through July 17, but instead accepted the proceeds of the loan.

The Bernaseks next contend the variations between the advance disclosure statement furnished them and the actual closing statement amounts to the misrepresentation and detrimental reliance needed to entitle them to the rescission they desire. An examination of the facts surrounding this issue causes us to reject this argument also. The only changes made from the advance disclosure statement and the actual disbursements on July 18 were the advance interest to MONY and the small increase in the payoff to The Fourth National Bank of Wichita. The loan amount remained the same. These changes were explained to the Bernaseks on July 18, 1980. They agreed to

them as evidenced by their signatures on the disbursement closing report. The loan was closed and the proceeds disbursed. The Bernaseks received $154,556.02 after the holders of claims and liens against the security were paid with the Bernaseks' consent and agreement. The Bernaseks could have cancelled the transaction on July 18 had they disagreed with the proposed disbursement. Again they chose to close the transaction. We find no misrepresentation or detrimental reliance. This transaction was exempt from TILA, and the exempt nature was not altered by MONY's voluntary act in the Bernaseks' favor. The Bernaseks nevertheless received a three-day right to rescind, and they knowingly, freely and voluntarily waived that right. We conclude, as in *Cosgrove v. Young*, that MONY's conduct gave the Bernaseks "a benefit to which they were not entitled as opposed to inducing reliance by the defendants to their detriment." 230 Kan. at 719. Thus, there is no merit to the Bernaseks' argument. There is no legal basis herein upon which to apply the doctrine of equitable estoppel.

Since the foregoing is dispositive of this appeal, a discussion of the other points would serve no purpose.

The judgment of the trial court is affirmed.