[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT PLEADING #108
CT Page 6955-NN
This court has examined the moving papers and memoranda the parties in this foreclosure action.
The defendants Nathaniel and Barbara Preston (The Prestons) assert that "Because Defendants properly rescinded the alleged mortgage it is void and of no effect and that Plaintiff is therefore barred from the remedy of Foreclosures.
The defendants claim that the Plaintiffs have violated Provisions of the Truth-Lending Act. (TILA)
The Plaintiffs and the Defendants concede that the transaction was a residential mortgage transaction. The Plaintiffs assert that the transaction as a residential mortgage transaction is exempt from any provision of the TILA Pertaining to recision 15 U.S.C. § 1635(e)(1);12 C.F.R. § 226.15(f); 12 C.R.F. § 226.23(f).
At the time of the transaction the Plaintiff, lender, gave the CT Page 6955-OO defendant, borrowers, a Notice of Right to Cancel even though it was a transaction exempted under TILA.
The defendant now claims that the transaction now becomes one governed by the TILA relying on the decision in Mack Financial
Corporation v. Crossley 209 Conn. 163 (1988).
The Plaintiff claims that the defendant never had any statutory right to cancel and if anything had merely a contractural right which they never exercised timely and now cannot exercise a notice of cancellation based upon violations of the TILA.
The Plaintiffs in their argument in part claim that the MackCourt mandates a denial of the motion for summary judgment.
Plaintiff recites the relevant facts as follows: On April 6, 1990, he plaintiff provided to the defendant Notice of Right to Cancel the documents called for recision to take place, if any, no later than April 10, 1990. On April 11, 1990 the defendants executed Borrowers Notice of Confirmation confirming inter alia CT Page 6955-PP that "I have not canceled this contract." On April 19, 1991, more than a year later defendants rescind the transaction.
Under the Mack Court the contract provided that enforcement was specifically under Section 42-98 and the court was governed by that which was incorporated in that agreement. The Plaintiffs in this case argue that the only right is contractural as outlined in Mack and that he defendants did not exercise their contractural right to cancellation and in act waived it by signing the Borrower's Notice of Confirmation.
The Plaintiffs submitted the case of Mutual Life InsuranceCompany of New York v. Bernasek 682 P.2d 667 which stands on all fours with the present case. The Kansas Court held that: (1) the loan transaction was expressly exempted from the TILA and the transaction was not altered by the lenders voluntary compliance with the Act and (2) the lender was not equitably estopped from relying on the exempt nature of the transaction where the borrowers actually received the right to rescind the loan within three days but chose instead to waive that right and accept the proceeds of the loan. CT Page 6955-QQ
Accordingly, the motion for summary judgment is denied.
Frank S. Meadow State Trial Referee